[No. G043297. Fourth Dist., Div. Three. Mar. 24, 2011.]

CHAD R. MADDOX, Plaintiff and Appellant, v.
CITY OF COSTA MESA, Defendant and Respondent.

**COUNSEL**

Chad R. Maddox, in pro. per., for Plaintiff and Appellant.

Jones & Mayer, James R. Touchstone, Gary S. Kranker and Chris F. Neumeyer for Defendant and Respondent.

**OPINION**

**FYBEL, J.—**

### INTRODUCTION

Government Code section 68097.2, subdivision (b) provides that when a peace officer is subpoenaed to testify, "[t]he party at whose request the subpoena is issued shall reimburse the public entity for the full cost to the public entity incurred in paying the peace officer . . . ." If the actual expenses prove to be more than the amount deposited, section 68097.2, subdivision (d) provides the difference shall be paid by "the party at whose request the subpoena is issued."

The issue presented in this appeal is whether the term "the party at whose request the subpoena is issued," as used in Government Code section 68097.2, subdivisions (b) and (d), means both the litigant and the litigant's counsel, or just the litigant. In other words, can counsel also be responsible under section 68097.2 for reimbursing the public entity the cost of paying the subpoenaed peace officer? The trial court granted the motion for judgment on the pleadings of defendant City of Costa Mesa (the City)[1] and found that plaintiff Chad R. Maddox, an attorney, was responsible for paying costs pursuant to section 68097.2 for subpoenas he requested on behalf of his client.

We hold the term "the party at whose request the subpoena is issued" in Government Code section 68097.2 means the litigant and the litigant's counsel, either of whom is responsible for reimbursing the public entity for its costs in paying the subpoenaed peace officer. We do so because the subject

---

[1] The defendant was named as "City of Costa Mesa Police Department, by and through The City of Costa Mesa."

matter of that code section does not affect the substantial rights of the parties. Accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Maddox represented Christopher Elliott in a Department of Motor Vehicles (DMV) proceeding. In June 2008, Maddox signed, on Elliott's behalf, a subpoena, pursuant to Government Code section 68097.1, for the appearance of Costa Mesa Police Officer Jeff McCann at a DMV administrative hearing scheduled for July 28, 2008. The subpoena was served, and Officer McCann appeared at the hearing.

In September 2008, Maddox signed, on Elliott's behalf, another subpoena, pursuant to Government Code section 68097.1, for the appearance of Costa Mesa Police Officer Anthony Reitz at a second DMV administrative hearing scheduled for September 25, 2008. The subpoena was served, and Officer Reitz appeared at the hearing.

Maddox posted the required deposit of $150 for each subpoena when the subpoenas were served. Because the actual expenses incurred by the City exceeded the amount of the deposits, the City sent Maddox an invoice for $36.71 for Officer McCann's appearance, and an invoice for $16.69 for Officer Reitz's appearance. Maddox declined to pay the invoices and advised the City to seek payment directly from Elliott.

In September 2009, Maddox filed a verified complaint for declaratory relief against the City, alleging an actual controversy existed "concerning their respective rights and duties in that plaintiff contends that whatever costs are owed to the City of Costa Mesa under Government Code §68097.2, if any, are the sole responsibility of the party to the action, Christopher Elliott . . . ." Maddox alleged: "Plaintiff desires a judicial determination of his rights and duties, and a declaration from this court that fees owed under Government Code §68097.2 are owed by the party of the action, not the party's legal representative, and that any fees owed related to this matter, are not the responsibility of Mr. Maddox."

The City answered and moved for judgment on the pleadings, arguing that under Government Code section 68097.2, both the litigant and the litigant's attorney are responsible for reimbursing the City's expenses. The trial court granted the motion and in the order granting the motion stated: "Maddox is obligated by law to reimburse the City of Costa Mesa for costs incurred because of the request for issuance of subpoenas for the appearance of Costa Mesa Police Department officers, and as such, . . . Maddox shall pay to the City of Costa Mesa the sum of $53.40 within 10 days of the date of this

Order." Judgment in favor of the City was entered on December 20, 2010. On the court's own motion, the clerk's transcript is ordered augmented to include the judgment. (Cal. Rules of Court, rule 8.155(a)(1).)

Maddox filed his notice of appeal in February 2010, after entry of the order granting the City's motion for judgment on the pleadings, but before entry of judgment. We treat the notice of appeal as validly filed after entry of judgment. (Cal. Rules of Court, rule 8.104(d)(1).)

## DISCUSSION

Government Code section 68097.1, subdivision (a) sets forth the requirements for service of a subpoena to secure the appearance of a peace officer, including a city police officer, as a witness before a court or other tribunal in a civil action regarding an event or transaction which the subpoenaed peace officer "perceived or investigated" in the course of duty.

Government Code section 68097.2, subdivision (b) provides: *"The party at whose request the subpoena is issued* shall reimburse the public entity for the full cost to the public entity incurred in paying the peace officer, firefighter, state employee, trial court employee, or specified county employee his or her salary or other compensation and traveling expenses as provided for in this section, for each day that the peace officer, firefighter, state employee, trial court employee, or specified county employee is required to remain in attendance pursuant to the subpoena. The amount of one hundred fifty dollars ($150), together with the subpoena, shall be tendered to the person accepting the subpoena for each day that the peace officer, firefighter, state employee, trial court employee, or specified county employee is required to remain in attendance pursuant to the subpoena." (Italics added.)

Government Code section 68097.2, subdivision (d) provides: "If the actual expenses should later prove to be more than the amount deposited, the difference shall be paid to the public entity *by the party at whose request the subpoena is issued.*" (Italics added.)

What does the term "the party at whose request the subpoena is issued" mean?

█ The fundamental task of statutory interpretation is to ascertain the Legislature's intent to effectuate the statute's purpose. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].) In ascertaining the Legislature's intent, we first consider the language of the statute itself, giving the words used their ordinary meaning. (*Ibid.*) The statutory language must be construed in the context of the statute as a whole

and the overall statutory scheme, giving significance to every word, phrase, sentence, and part of the statute. (*Ibid.*) If the statutory language is unambiguous, the plain meaning controls and consideration of extrinsic sources to determine the Legislature's intent is unnecessary. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919 [129 Cal.Rptr.2d 811, 62 P.3d 54].) "When the words are susceptible to more than one reasonable interpretation, we consider a variety of extrinsic aids, including the statutory context and the circumstances of the statute's enactment, in determining legislative intent." (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 582 [41 Cal.Rptr.2d 878, 896 P.2d 171] (*Levy*).)

■ The term "the party" is reasonably susceptible to more than one interpretation: "Depending upon the statutory context in which it is used, the word can mean the litigant and the litigant's attorney, or it can mean only the specific person by or against whom legal proceedings are brought." (*Knabe v. Brister* (2007) 154 Cal.App.4th 1316, 1323 [65 Cal.Rptr.3d 493].) The subject matter of the statute may be used to determine which meaning applies. (*Ibid.*) Unless otherwise specified, the term "party" as used in procedural statutes generally means the actual litigant or the litigant's attorney of record, while the term "party" as used in statutes implicating a litigant's substantial rights generally means the litigant only. (*Levy, supra*, 10 Cal.4th at p. 583; see also *Knabe v. Brister, supra*, 154 Cal.App.4th at p. 1323.)

■ In *Levy, supra*, 10 Cal.4th at page 583, the California Supreme Court addressed the meaning of the word "parties" in Code of Civil Procedure section 664.6.[2] The court explained the word "parties" is ambiguous and sometimes refers to both the litigant and counsel: "The word 'parties' is reasonably susceptible to more than one interpretation. As noted by the Courts of Appeal . . . [citations], the term 'party,' as used in a number of our civil procedure statutes, is commonly understood to mean not only the actual litigant, but also the litigant's attorney of record. (See, e.g., Code Civ. Proc., §§ 437c ['Any party may move for summary judgment'], 438, subd. (b)(1) ['A party may move for judgment on the pleadings'], 2017, subd. (a) ['any party may obtain discovery'].) Motions under these particular statutes are routinely made by attorneys in the course of representing their clients." (*Levy, supra*, 10 Cal.4th at pp. 582–583.)

"But," the court explained, "the word 'party' is also susceptible of a narrower meaning, namely the specific person or entity by or against whom

---

[2] Code of Civil Procedure section 664.6 states: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

legal proceedings are brought. [Citation.]" (*Levy, supra*, 10 Cal.4th at p. 583.) "This meaning of the term 'party' can also be found in our statutory law. For example, Code of Civil Procedure section 2033, subdivision (g) provides: 'The *party* to whom the requests for admission are directed shall sign the response under oath, unless the response contains only objections.' (Italics added.) When, as in this particular instance, the subject of the statute may affect the substantial rights of the litigants themselves, the term 'party' literally means the party litigant, not the litigant's attorney. [Citations.]" (*Ibid.*)

█ Because the word "parties" could have more than one meaning, the *Levy* court examined the statutory context in which the word was used. (*Levy, supra*, 10 Cal.4th at p. 583.) Code of Civil Procedure section 664.6 governs the entry of judgment pursuant to the terms of a settlement agreement. (*Levy, supra*, 10 Cal.4th at p. 583.) Settlement of a lawsuit implicates a substantial right of the litigants; therefore, the court concluded that in providing a mechanism to enforce settlements, the Legislature intended the word "parties" literally to mean the litigants personally. (*Id.* at p. 584.)

"The Supreme Court has not expressly defined what a substantial right is, but it has provided examples." (*Knabe v. Brister, supra*, 154 Cal.App.4th at p. 1324.) These examples include settling a case (*Levy, supra*, 10 Cal.4th at pp. 582–584) or stipulating to submit to binding arbitration (*Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 407 [212 Cal.Rptr. 151, 696 P.2d 645] (*Blanton*)). "Similarly, an attorney may not 'stipulate to a matter which would eliminate an essential defense [citation]. He may not agree to the entry of a default judgment [citation], may not . . . stipulate that only nominal damages may be awarded [citation] and he cannot agree to an increase in the amount of the judgment against his client. [Citation.] Likewise, an attorney is without authority to waive findings so that no appeal can be made . . . .' [Citations.]" (*Blanton, supra*, 38 Cal.3d at pp. 404–405.)

In contrast, the attorney is authorized to bind the client in procedural matters arising during the course of a lawsuit. (*Blanton, supra*, 38 Cal.3d at p. 403.) Procedural matters are " ' "necessary or incidental to the management of the suit, and . . . affect only the procedure or remedy as distinguished from the cause of action itself, and the essential rights of the client . . . ." [Citation.]' [Citation.]" (*Id.* at p. 404.)

In *McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1163 [69 Cal.Rptr.2d 692] (*McDowell*), the court was called upon to determine the meaning of the term "parties" in Public Resources Code section 21167.8, which requires the parties to attempt to settle California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.) litigation shortly after the petition or

complaint is served. The court concluded "parties" meant the litigants or the litigants' attorneys because the settlement negotiations required by section 21167.8 are intended to be preliminary only and do not culminate in a binding settlement agreement. (*McDowell, supra*, 59 Cal.App.4th at pp. 1165–1166.)

 Here, the phrase "the party at whose request the subpoena is issued" is part of the statutory scheme of Government Code section 68097.1 et seq., which governs securing the testimony of peace officers and certain other public employees at trial and reimbursing the public entity for the costs of the subpoenaed peace officers' or public employees' compensation. Section 68097.1 et seq. is similar to procedural statutes providing that a "party" may make a certain motion or may seek certain discovery rather than to statutes affecting a litigant's substantial rights. When counsel prepares the request for a subpoena, both the litigant and counsel are the "party at whose request the subpoena is issued." In this case, the affidavits in support of the subpoenas were prepared by and signed under penalty of perjury by Maddox. Each affidavit states, "I, Chad R. Maddox, hereby declare the following to be true," followed by "I am requesting the following witness(s)/document(s)." The attorney is, literally, "the party at whose request the subpoena is issued" under section 68097.2, subdivisions (b) and (d).

 Securing the testimony of a peace officer and reimbursing the public entity for the cost of the peace officer's compensation is procedural because those actions are part of lawsuit management and preparation. Those actions do not resolve the litigation or any issue in it, do not result in entry of judgment, do not foreclose a defense, do not effect a settlement, and do not waive a right to trial or appeal. Although, as Maddox argues, a witness's testimony could affect the outcome of the litigation, the same can be said of nearly every litigation procedure. Subpoenaing a peace officer to testify under Government Code section 68097.1, subdivision (a) and reimbursing the public entity for its costs to compensate the peace officer under section 68097.2 do not, in and of themselves, implicate a litigant's substantial rights.

The Legislature's purpose for enacting Government Code section 68097.2 supports the conclusion it does not implicate a litigant's substantial rights. That purpose was to make sure peace officers and certain other public employees do not lose pay and suffer financial hardship for testifying before a court or other tribunal in a civil proceeding regarding an event or transaction perceived or investigated in the course of duty. The California Attorney General has opined: "Prior to the enactment of Vehicle Code sections 2266 and 2267 in 1961 (repealed in 1963 and reenacted in substance as Government Code sections 68097.1 et seq.), the appearance of California Highway Patrol officers who testified in civil suits did so on their own time and received only

ordinary witness fees. This arrangement was unsatisfactory. The numerous appearances in civil cases by California Highway Patrol officers caused serious administrative problems for which the Department was not compensated. The officers appearing in the civil cases either lost wages or were required to take vacation. Finally, and most unsatisfactory, was the persistent allegation that officers, because of the economic hardships in testifying, made private arrangements for their compensation with the party subpoenaing them and in return colored their testimony in favor of that party. In our opinion, Government Code sections 68097.1 et seq. were intended by the Legislature to remedy these problems alone; and it was not intended that officers should testify in civil cases as part of their official duty."[3] (53 Ops.Cal.Atty.Gen. 322, 323 (1970); see also *Nick v. Department of Motor Vehicles* (1993) 12 Cal.App.4th 1407, 1415 [16 Cal.Rptr.2d 305] ["Section 68097.2 shifts the salary and travel expenses of peace officers while they are testifying from their employing public agency to the party who has subpoenaed their attendance."].)

Some procedural statutes do use the term "party" in the narrower sense to mean only the litigant. (*Levy, supra,* 10 Cal.4th at p. 583.) But those statutes expressly distinguish between litigants and their counsel. For example, Code of Civil Procedure section 2033.240, subdivision (a) provides that the "party to whom the requests for admission are directed" shall sign the responses under oath, but section 2033.240, subdivision (c) provides, "[t]he attorney for the responding party" shall sign any response that includes an objection. (See also *McDowell, supra,* 59 Cal.App.4th at p. 1165.)

Government Code section 68097.2 does not distinguish between the litigant and counsel; however, as Maddox argues, the term "the party" is used in sections 68097.55 and 68097.8 in a manner suggesting the term refers only to the litigant. The meaning given to the term "the party" in section 68097.2 should be reconciled with the use of the term "the party" in sections 68097.55 and 68097.8. (*Ste. Marie v. Riverside County Regional Park & Open-Space*

---

[3] The Attorney General stated in a later opinion that Government Code section 68097.2 "provides a plan whereby a civil litigant subpoenaing a member of the Department of California Highway Patrol to testify as a witness before any court or other tribunal in a civil action . . . must reimburse the Department of California Highway Patrol for the full cost incurred by the Department . . . ." (58 Ops.Cal.Atty.Gen. 543 (1975).) Maddox argues that by referring to "a civil litigant," the Attorney General took the position the term "the party" in section 68097.2 means the litigant only. Maddox reads too much into the Attorney General's words. In that opinion, the Attorney General addressed the issue whether fees must be posted under section 68097.2 to subpoena a member of the California Highway Patrol when the State of California or a state agency other than the highway patrol is also a party to the litigation. (58 Ops.Cal.Atty.Gen., *supra,* at p. 545.) The Attorney General did not address or opine on the issue presented in this appeal, and the passage Maddox relies on is simply an introductory description of section 68097.2.

*Dist.* (2009) 46 Cal.4th 282, 289 [93 Cal.Rptr.3d 369, 206 P.3d 739] ["We must of course read statutes as a whole so that all parts are harmonized and given effect."].)

Government Code section 68097.55 provides: "Notwithstanding the provisions of Section 68097.5, the court, upon good cause shown, including the fact that the party is proceeding in forma pauperis pursuant to Section 68511.3, may relieve a party of the duty to make any deposit or payment, or portion thereof, required by Sections 68096.1, 68097.1, 68097.2, 68097.3, 68097.4, and 68097.5." Section 68097.8 provides: "All deposits made pursuant to Sections 68097.2 or 68097.4 of this code, except such deposits as the party may be entitled to have refunded, shall be taxable as costs by the prevailing party." Maddox asserts the term "the party" in section 68097.55 must mean the litigant only because an attorney cannot appear in forma pauperis[4] and the term "the party" in section 68097.8 must mean the litigant only because an attorney cannot be a prevailing party. Thus, Maddox argues, to give "party" a consistent meaning throughout these code sections, it must be interpreted to mean only the litigant in section 68097.2.

The term "the party" can be understood consistently throughout those code sections to refer "to either the actual litigant *or* the litigant's attorney of record." (*McDowell, supra,* 59 Cal.App.4th at p. 1164, italics added.) Under Government Code section 68097.55, the grounds on which a court may relieve "a party" of the duty to make a deposit includes, but is not limited to, the fact "the party" is proceeding in forma pauperis. In the situation when "the party" is proceeding in forma pauperis, the term "a party" can only refer to the litigant alone. Yet in other situations contemplated by section 68097.55, when the litigant is represented by counsel, the term "a party" for whom the court may grant relief from making the deposit can mean either the litigant or the litigant's counsel.

As for Government Code section 68097.8, the term "prevailing party" can mean the litigant or the litigant's counsel. (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 575 [110 Cal.Rptr.2d 809, 28 P.3d 860] [Gov. Code, § 12965, awarding attorney fees to prevailing party, refers to litigant or counsel].) Thus, under section 68097.8, when an attorney representing the prevailing litigant paid the costs required by section 68097.2, those costs may be recovered by cost memorandum and would belong to the attorney who paid them.

---

[4] Technically speaking, Government Code section 68097.55 is not part of the same statute as section 68097.2. Section 68097.55 was added by Statutes 1967, chapter 115, section 2, page 1032. (36F West's Ann. Gov. Code (2009 ed.) amend. history foll. § 68097.55, p. 486.) Section 68097.2 was added by Statutes 1963, chapter 1485, section 6, page 3050. (36F West's Ann. Gov. Code, *supra,* foll. § 68097.2, p. 480.)

Our interpretation of the term "the party at whose request the subpoena is issued" would not leave an attorney solely responsible for reimbursing the public entity for its cost of paying the subpoenaed employee. Because "the party" means both the litigant and the litigant's attorney, either would be responsible for reimbursing the public entity its costs. Nothing in this opinion affects the attorney's ability to reach an agreement with the client for paying, forwarding, or reimbursing costs.

### MOTION FOR SANCTIONS

The City seeks monetary sanctions against Maddox on the ground the appeal is frivolous or taken for an improper motive. We strongly disagree. Far from being frivolous, the appeal raised a novel issue of statutory interpretation even though the amount at stake in this case was small. Although we are affirming, Maddox briefed the matter well and raised good points. We conclude the appeal was not prosecuted for an improper motive and was not indisputedly without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

### DISPOSITION

The judgment is affirmed. Respondent to recover costs incurred on appeal.

O'Leary, Acting P. J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 8, 2011, S192777.